IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-HC-2182-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | ORDER |
| RICHARD SAVAGE, | ) ) ) | |
| Respondent. | ) | |

This matter is before the court on the motion (DE # 14) of respondent Richard Savage ("respondent"), seeking dismissal of the government's petition for commitment pursuant to 18 U.S.C. § 4248 ("§ 4248 "). Petitioner responded in opposition and the court ordered additional briefing. The parties each submitted additional memoranda. In this posture, the matter is ripe for ruling.

In the present action, the government seeks to commit respondent as a "sexually dangerous person" pursuant to § 4248, which was enacted as part of the Adam Walsh Child Safety and Protection Act of 2006, Pub. L. No. 109-248, 120 Stat. 587 (2006) (hereinafter "Adam Walsh Act"). Petitioner filed the certification commencing this action on December 18, 2008. On December 19, 2008, the court issued an order holding this action in abeyance pending the outcome of the government's appeal of an order in another commitment action in this district, which held § 4248 unconstitutional. See United States v. Comstock, 507 F. Supp. 2d 522 (E.D.N.C. 2007). On May 17, 2010, the Supreme Court, in United States v. Comstock, 130 S. Ct. 1949 (2010) ("Comstock I"), held § 4248 valid under the Necessary and Proper Clause and remanded Comstock to the Fourth

Circuit Court of Appeals for further proceedings. On June 14, 2010, this court lifted the stay of this action.

On November 23, 2010, respondent filed the instant motion. Respondent relies, in part, on arguments made before the district court in Comstock. (Mot. Dismiss 1-2). On December 6, 2010, the Fourth Circuit's opinion on remand in Comstock upheld the constitutionality of the standard of proof prescribed by § 4248. United States v. Comstock, 627 F.3d 513, 524 (4th Cir. 2010), cert. denied, 131 S. Ct. 3026 (2011) ("Comstock II"). Therefore, the appellate decisions in Comstock I and Comstock II provide no basis for dismissal.

In addition to his reliance on the arguments made before the district court in Comstock, respondent asserts that this court lacks jurisdiction because he was convicted under the District of Columbia Official Code. (Mot. Dismiss at 2-3; Mem. Supp. Mot. Dismiss at 2-13). Therefore, respondent argues that at the time of his certification he was not "in the custody of the Bureau of Prisons" as required by 18 U.S.C. § 4248(a) to confer jurisdiction. Another court in this district has considered and rejected arguments similar to those raised by respondent. See United States v. Johnson, No. 5:09-HC-2045-BO, 2011 WL 2118108, at *3-6 (E.D.N.C. May 27, 2011) (unpublished). In particular, the court in Johnson noted,

> The National Capital Revitalization and Self-Government Improvement of 1997, Pub. L. 105-33, § 11201, 111 Stat. 712, 734 (1997) (hereinafter "Revitalization Act"), initiated a process by which all D.C. Code offenders would be housed in facilities operated or contracted by the Bureau of Prisons. The Revitalization Act further provided that the Lorton Correctional Complex, which had been the primary facility for the housing of D.C. Code offenders, would be closed. Specifically, the Revitalization Act included a provision that states, "any person who has been sentenced to incarceration pursuant to the District of Columbia Official Code . . . shall be designated by the Bureau of Prisons to a penal or correctional facility operated or contracted for by the Bureau of Prisons, for such term of imprisonment as the court may direct. <u>Such persons shall be subject to any law or regulation</u>

<u>applicable to persons committed for violations of laws of the United States consistent with the sentence imposed.</u>" D.C. Code § 24-101(a).

Johnson, 2011 WL 2118108, at *3-4 (alterations and emphasis in original).

This court finds the reasoning of <u>Johnson</u> persuasive. The statutory framework of both the D.C. Code and the federal code endows the Bureau of Prisons with legal custody, not merely physical custody, over D.C. Code offenders. Furthermore, because § 4248 is a law or regulation applicable to prisoners convicted of federal criminal statutes, the D.C. Code expressly authorizes § 4248 jurisdiction over D.C. Code offenders, including respondent.

Accordingly, respondent's motion to dismiss (DE # 14) is DENIED.

SO ORDERED, this the 30th day of September, 2011.

                              LOUISE W. FLANAGAN
                              Chief United States District Judge