IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-HC-2182-MU

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| RICHARD SAVAGE, | ) | |
| | ) | |
| Respondent. | ) | |

THIS MATTER is before the court upon respondent's motion to dismiss (DE # 54) the government's petition for commitment pursuant to 18 U.S.C. § 4248 ("§ 4248"). Petitioner has responded and opposes the motion. The motion is ripe for ruling.

Respondent asserts that § 4248 violates the constitutional guarantee of equal protection, arguing that the statute "irrationally discriminates between individuals who are in the custody of the Bureau of Prisons and those who are not[.]" Mot. Dismiss (DE # 54) 3. The Fourth Circuit has specifically rejected this argument. United States v. Timms, 664 F.3d 436, 449 (4th Cir. 2012), petition for cert. filed (U.S. June 4, 2012) (No. 11-10654); see also United States v. Wooden, — F.3d —, —, No. 11-7226, 2012 WL 3855641, at *9 (4th Cir. Sept. 6, 2012). Accordingly, respondent's equal protection challenge is without merit.

Respondent also contends that he has been denied the right to a speedy resolution of this action, in violation of the Fifth Amendment guarantee of due process. Mot. Dismiss (DE # 54) 7-11 Relatedly, respondent contends, "The government should have sought certification timely so as to resolve this issue before the completion of [respondent's] sentence, or, at the least, brought Savage

before a judicial hearing for a civil commitment hearing within a reasonable time after certification." Id. at 11. The Fourth Circuit considered a similar challenge in Timms, 664 F.3d at 449-55. The court held that the government was lawfully permitted to file the certification close in time to Timms' projected release date and that the particular delay in the case, lasting nearly thirty-one months, did not violate due process. Id. at 452, 454-55. The court also noted, "[E]ven if Timms' case constituted a due process violation, the proper remedy would not be release, but to conduct the hearing and adjudicate whether he is a 'sexually dangerous person' under the statute." Id. at 455 n.19.

The government commenced this action on December 18, 2008, automatically staying his release from criminal confinement. See 18 U.S.C. § 4248(a). His projected date for release from criminal confinement was December 27, 2008. See Certification of Sexually Dangerous Person (DE # 1-2) 1. On December 19, 2008, the court appointed counsel to represent respondent and ordered the case to be held in abeyance pending the appellate litigation in five consolidated cases where the court found § 4248 unconstitutional. See Order (DE # 2); see also United States v. Comstock, 507 F. Supp. 2d 522 (E.D.N.C. 2007), aff'd, 551 F.3d 274 (4th Cir. 2009), rev'd in part, 130 S. Ct. 1949 (2010), on remand, rev'g dist. ct., 627 F.3d 513 (4th Cir. 2010), cert. denied, 131 S. Ct. 3026 (2011).

On May 17, 2010, the Supreme Court ruled that Congress did not exceed its constitutional authority when it enacted § 4248, but the high court remanded the case to the Fourth Circuit for further proceedings. Comstock, 130 S. Ct. at 1965. After the Supreme Court ruling, this court lifted the stay in this case on June 14, 2010 (see DE # 8), even though appellate litigation continued in

Comstock.[1] In Timms, the Fourth Circuit held, "[T]he Government simply cannot be held responsible for the time period during which Timms' case remained in abeyance throughout the lengthy appellate proceedings in Comstock." 664 F.3d at 453.

On November 13, 2010, respondent filed a motion to dismiss in which he stated, "At this time, Respondent does not request a hearing on the merits." Mot. Dismiss (DE # 14) 3. Nevertheless, on January 31, 2011, the court entered a scheduling order (DE # 20), which established a discovery process to last approximately six months beginning in May 2011. See also Notice (DE # 33). On June 13, 2011, respondent filed a motion (DE # 37) requesting – for the first time – a hearing on the merits. Discovery closed on November 18, 2011. See Order (DE # 60) 1. On March 28, 2012, the court issued an order setting the commitment hearing in this action to commence on June 14, 2012. (DE # 59). On June 4, 2012, respondent filed a motion (DE # 64) to continue the commitment hearing. On June 6, 2012, the court granted respondent's requested continuance. (DE # 66). On June 28, 2012, the court issued an order (DE # 68) setting the commitment hearing to commence on January 24, 2013.

Respondent concedes that subsequent to the certification commencing this action, respondent was adjudicated to have violated the terms of his probation for a prior offense, resulting in a 24-month custodial sentence. See Mot. Dismiss (DE # 54) 2, 9 n.4. Thus, during those 24 months, he was not held in custody solely because of his certification as a sexually dangerous person under § 4248. Therefore, by the time of the commitment hearing, respondent will have been detained,

---

[1] On December 6, 2010, the Fourth Circuit held the standard of proof of clear and convincing evidence for commitment under § 4248 is constitutional. Comstock, 627 F.3d at 524-25. On June 20, 2011, the Supreme Court denied certiorari. Comstock, 131 S. Ct. 3026.

pursuant to § 4248 certification alone, for approximately twenty-five months, a shorter time than the delay in Timms, which, the Fourth Circuit held, did not violate due process.

Under the circumstances of this case, the delay does not violate due process. Moreover, even if the delay created a due process violation, dismissal is not warranted; the proper remedy would be for the court to hold a commitment hearing. The commitment hearing will proceed as scheduled on January 24, 2013.

Finally, respondent contends § 4248 is criminal rather than civil in nature and that he should be afforded the same constitutional protections afforded in a criminal proceeding. The Fourth Circuit has held unequivocally that § 4248 commitment actions are civil proceedings. Timms, 664 F.3d at 456 (4th Cir. 2012). Therefore, respondent's argument for application of the various constitutional protections afforded to criminal defendants is misplaced.

For all of the foregoing reasons, respondent's motion to dismiss (DE # 54) is DENIED.

IT IS SO ORDERED.

Signed: 16 Oct 2012

Graham C. Mullen
United States District Judge